**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Gerald Taylor, individually and as Guardian of S.B., a minor under the age of 14, ) ) ) ) Plaintiff, ) ) ) v. ) ) Aiken County School District; Jefferson ) Elementary School; Sean Alford, individually ) and as Superintendent of Aiken County School ) District; Peggy Coleman, individually and as ) Assistant Principal of Jefferson Elementary ) School; Bonnie Fulghum, individually and as a ) teacher for Jefferson Elementary School; Myra ) Havird, individually and as a teacher for Jefferson ) Elementary School, ) ) Defendants. ) | Civil Action No.: 1:20-cv-02189-JMC **ORDER AND OPINION** |

This action arises from the allegations of Plaintiff Gerald Taylor, individually and as the guardian of minor S.B., for negligence, gross negligence, intentional infliction of emotional distress, assault and battery, outrage, and violations of S.B.'s constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) This matter is before the court on the above-named Defendants' Motion for Summary Judgment. (ECF No. 25.) For the reasons set forth below, the court **GRANTS** Defendants' Motion as to Plaintiff's federal claims, **DECLINES** to exercise jurisdiction over Plaintiff's state law claims, and **REMANDS** the remaining claims.

## I.     RELEVANT BACKGROUND

Plaintiff brings this action individually and on behalf of S.B., "a minor under the age of fourteen (14) who suffers from mental impairments." (ECF No. 1-1 at 3 ¶ 2.) During the relevant time period, S.B. was a student at Jefferson Elementary School, a public school within Aiken

1

County School District. (*Id.*) Plaintiff alleges that on May 25, 2017, Defendants Peggy Coleman, Bonnie Fulgham, and Myra Havird "forcefully and brutally physically assaulted" S.B. by forcefully restraining her, holding her down, and choking her. (*Id.* at 5 ¶ 12.) Defendants state that, on the day in question, S.B. "refused teacher directives to get in line and began to attempt to leave the school." (ECF No. 25 at 4.) According to Defendants, staff members physically restrained S.B. to prevent her from leaving. (*Id.*)

On April 17, 2020, Plaintiff filed this action in the Aiken County Court of Common Pleas alleging various state law tort claims under the South Carolina Torts Claims Act (South Carolina Code § 15-79-10 *et seq.*) ("SCTCA"), and constitutional violations pursuant to 42 U.S.C. §§ 1983 and 1988. (ECF No. 1-1.) On June 9, 2020, Defendants filed a notice of removal pursuant to 28 U.S.C. § 1446. (ECF No. 1.) On February 8, 2021, Defendants filed their Motion for Summary Judgment. (ECF No. 25.) Plaintiff filed a response on February 22, 2021 (ECF No. 27), and Defendants replied to Plaintiff's response on March 1, 2021 (ECF No. 28).

## II.     JURISDICTION

This court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because the Complaint alleges violations of the laws of the United States. Specifically, Plaintiff alleges violations of S.B.'s Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws."

### III.     LEGAL STANDARD

A.     <u>Motion for Summary Judgment</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

### IV.     ANALYSIS

Plaintiff has not made sufficient legal arguments or set forth any evidence to support his Section 1983 claims, and thus they fail as a matter of law. In response to a summary judgment motion, unlike a motion to dismiss, "the plaintiff can no longer rest on such 'mere allegations,' but must set forth by affidavit or other evidence 'specific facts,'" to be taken as true for the purposes of summary judgment. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citing FED. R. CIV. P. 56(e)). In his response to Defendants' motion, Plaintiff restates the allegations in the Complaint

3

and asserts generally that "[t]here is a genuine dispute as to whether the Physical Force used on S.B. amounts to negligence, gross negligence, intentional inflection of emotional distress, assault and battery, outrage, and violations of 42 U.S.C. § 1983 on the part of the Defendants against S.B." (ECF No. 27 at 2–3.)  Plaintiff also points to inconsistencies in the affidavits provided by Defendants.  (*Id.* at 3–4.)  First, Plaintiff asserts Defendant Havird's affidavit contains conflicting statements regarding the use of restraint on S.B.  (*Id.* at 3.)  Next, Plaintiff notes that only Defendant Fulgham's affidavit states that "all" the teachers involved in the incident at issue were properly trained in Crisis Prevention Institute (CPI) techniques, and the remaining affidavits state that "most" were properly trained in CPI techniques.  (*Id.* at 3–4.)  Plaintiff does not assert additional legal arguments or set forth any evidence to support his assertion that genuine issues of material fact exist.

      a.     <u>Eleventh Amendment Immunity</u>

Plaintiff has sued Defendants Alford, Coleman, Fulghum, and Havird as individuals and in their respective capacities as employees of the school.  (ECF No. 1.)  Defendants Alford, Coleman, Fulghum, and Havird assert that Plaintiff's claims against them in their official capacity fail as a matter of law because they are not "persons" amenable to suit and are entitled to immunity under the Eleventh Amendment.  (ECF No. 25-1 at 3.)  The court agrees.

"Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("the distinction between official-capacity suits and personal-capacity suits is more than 'a mere pleading device.'").  State agencies "that may be properly characterized as arms of the State . . . are also entitled to the same immunity as the state itself."  *Harter v. Vernon*, 101 F.3d 334, 337 (4th Cir. 1996) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274,

4

280 (1977) (internal quotation marks omitted)).  This immunity may likewise extend to "state employees acting in their official capacity[.]"  *See id.* (citation omitted).  As such, Defendants Alford, Coleman, Fulghum, and Havird are immune from suit in their official capacities.

    b.    <u>42 U.S.C. § 1983</u>

Defendants assert Plaintiff cannot establish a claim for violation of S.B.'s rights under 42 U.S.C. § 1983.  (ECF No. 25-1 at 4.)  Section 1983 allows a citizen, or other person within the jurisdiction of the United States, to bring suit against any person acting under the color of law, whether state or federal, for depriving him of rights secured by the United States Constitution.  *See* 42 U.S.C. § 1983.  Section 1983 does not confer a substantive right, rather it provides a "method for vindicating federal rights elsewhere conferred."  *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)).  The first step in analyzing a section 1983 claim is to identify the federal right that has allegedly been infringed.  *Id.*

Plaintiff alleges that Defendants violated S.B.'s rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments by physically restraining and assaulting her.  (ECF No. 1-1 at 17.) Specifically, Plaintiff alleges Defendants infringed upon the following rights: (1) "the right to be free from abuse based upon conditions of mental disability and limitation;" (2) "the right not to be deprived of the fundamental liberty interest in the education, safety, care, and health" of S.B.; (3) "the right to be free from cruel and unusual punishment;" (4) "the right to equal protection of the law;" (5) "the right to be provided reasonable and necessary medical care while under the supervision and control of Defendants;" and (6) "the right to be free from unnecessary and excessive use of force and abuse by a teacher and employee of the County and State who is responsible for the care, custody, and control of S.B."  (ECF No. 1-1 at 17–18.)  Additionally,

Plaintiff alleges that Defendants willfully failed to implement appropriate policies, customs, and practices. (*Id.* at 19.)

Viewing the facts in the light most favorable to Plaintiff, the record shows S.B. was physically restrained by several of the defendants. However, the record does not show a genuine issue of material fact as to whether the restraint rose to the level of constitutional violations. The only evidence in the record are Defendants' affidavits, the school district's corporal punishment policy, and S.B.'s disciplinary records, and these documents support Defendants' argument that the physical force used was necessary and reasonable. (*See* ECF Nos. 25-2, 25-3, 25-4, 25-5, 25-6, 25-7, & 25-8.) Both S.B.'s disciplinary records and the affidavits provide evidence that S.B. had a history of not following directions, becoming disruptive, and showing violent tendencies. (*See* ECF Nos. 25-2 at 2 (describing incident where S.B. "refused to follow directions, disrupted class, spit at, sworn at, and hit or kicked students or staff"); 25-4 at 2 (describing an incident in which S.B. attempted to strike her with a pencil before and after S.B. was placed in a CPI hold); 25-8 at 16 (record of incident in which S.B. asked if she could throw pencils at fellow students).) The affidavits also support the inference that the teachers involved in restraining S.B. believed the restraint was necessary for her safety and that the level of restraint used was reasonable. (*See* ECF Nos. 25-2 at 3, 25-5 at 3–4, 25-6 at 3.)

Further, since there is no evidence Defendant Sean Alford was present during or involved in the alleged assault, he may only be held liable if S.B.'s constitutional rights were violated as a result of an official policy or custom for which he was responsible. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978). For Defendant Alford, as the superintendent, to be liable for his staff members' alleged violations of S.B.'s constitutional rights, Plaintiff "must have evidence sufficient to establish an issue of fact (to survive a motion for summary judgment)" that Defendant

6

Alford was personally involved in conduct which denied S.B.'s constitutional rights. *Jackson v. Ray*, No. 9:19-cv-02402-JMC-BM, 2020 WL 3130274, at *3 (D.S.C. May 26, 2020) (citing *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1999) ("Liability ... must be based on the personal involvement of the Defendant"), *cert denied*, 522 U.S. 1154 (1999); *Wilson v. Cooper*, 922 F. Supp. 1286, 1293 (N.D. Ill. 1996)). There is no evidence in the record, however, to show a relevant policy or custom applies or that Defendant Alford was responsible for such policy or custom. Accordingly, Defendants have met their burden of showing no genuine issue of material fact exists as to Plaintiff's Section 1983 claims.

Based upon the foregoing, the court finds that Defendants have met their obligation to demonstrate that there is "no genuine issue as to any material fact" and that they are "entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted); *see also Celotex*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial" (internal quotation marks omitted)). Accordingly, the court finds Plaintiff's Section 1983 claims fail as a matter of law.

    c.    <u>Qualified Immunity</u>

Defendants contend they are entitled to qualified immunity. (ECF No. 25-1 at 9.) Qualified immunity offers complete protection "from liability for civil damages" for government officials

sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). The first prong inquires whether the facts, "[t]aken in the light most favorable to the party asserting the injury," show the official's conduct violated a federal right. *Id.* The second prong "asks whether the right in question was 'clearly established' at the time of the violation." *Id.* at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "Courts have discretion to decide the order in which to engage these two prongs." *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). Because the court has determined that Plaintiff has failed to provide any facts to support a constitutional violation occurred, the court finds Defendants are entitled to qualified immunity as to Plaintiff's Section 1983 claims.

    d.    <u>State Law Claims</u>

As a result of the dismissal of Plaintiff's federal claims, the only claims remaining in the case are Plaintiff's state law claims. Plaintiff's remaining claims arise under South Carolina law, therefore they do not qualify for federal question jurisdiction under 28 U.S.C. § 1331. Additionally, Plaintiff's state law claims do not qualify for diversity under 28 U.S.C. § 1332. (*See* ECF No. 1-1 at 3–5 ¶¶ 1–8.) Since Plaintiff's remaining claims do not qualify for federal question or diversity jurisdiction, the court will only retain jurisdiction over the state law claims if it chooses to exercise supplemental jurisdiction over them. A district court has broad discretion in deciding whether to dismiss, remand, or retain a case after relinquishing all claims over which it had original jurisdiction. *See*, *e.g.*, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) (stating that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right"). In determining

whether to retain, remand, or dismiss pendent state law claims, a district court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350.

Upon consideration of the record, the court observes that the values of judicial economy, convenience, fairness, and comity weigh in favor of remanding Plaintiff's state law claims against Defendants. Since little discovery has been conducted, judicial resources would not be unduly duplicated if the claims were remanded to state court. South Carolina state court would be convenient and fair for these claims because all parties are residents or agents of the state. Additionally, Plaintiff's state law claims have no connection to federal interests or policies and South Carolina has a strong interest in deciding cases arising under its laws. Accordingly, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands the claims to state court.

## V.     CONCLUSION

Based upon the foregoing, the court **GRANTS** Defendants' Motion as to Plaintiff's federal claims, **DECLINES** to exercise jurisdiction over Plaintiff's state law claims, and **REMANDS** Plaintiff's remaining claims.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 10, 2021
Columbia, South Carolina